**J. Ashlee Albies**, OSB No. 051846
Email: ashlee@albiesstark.com
**Maya Rinta**, OSB No. 195058
Email: maya@albiesstark.com
ALBIES & STARK LLC
1500 SW First Ave., Suite 1000
Portland, Oregon 97201
Telephone: (503) 308-4770
Facsimile: (503) 427-9292

**Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| NIC FRANCISCO-KAHO'ONEI,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY OF OREGON, a public institution of higher education; MARK R. SCHMELZ, an individual; JIMMY L. HOWARD, an individual; and ANGELA LAUER CHONG, and individual,<br><br>Defendant. | CASE NO.:<br><br>**COMPLAINT**<br>42 U.S.C. § 1983 (Violations of Equal Protection and First Amendment)<br><br>**Jury Trial Requested** |

## INTRODUCTION

1.

In November of 2024, after a competitive application process, Defendant University of Oregon ("UO") offered Plaintiff Nic Francisco-Kaho'onei (they/them) the position of Program Director of

its Women's Resource Center, a job for which they were well qualified. When Defendant UO learned Dr. Francisco-Kaho'onei had engaged in civil disobedience protesting the genocide in Gaza, it rescinded the offer of employment. This was unlawful. Plaintiff brings this action to hold Defendants accountable for violating their rights under 42 U.S.C. § 1983 to be free from discrimination and retaliation for engaging in First Amendment-protected conduct.

**PARTIES**

2.

Plaintiff Francisco-Kaho'onei ("Dr. Francisco-Kaho'onei" or "Plaintiff") is, and at all material times was, a resident of the State of Oregon.

3.

Defendant University of Oregon ("UO" or "Defendant") is a public university, with its principal place of business in Eugene, Oregon. Defendant is a "person" for purposes of 42 U.S.C. § 1983.

4.

Mark R. Schmelz, at all material times hereto, was UO's Chief Human Resources Officer and Vice President, and resident of the State of Oregon.

5.

Jimmy L. Howard, Ph.D., at all material times hereto, was UO's Senior Associate Dean of Students & Deputy Title IX Coordinator of the Division of Student Life at UO, and a resident of the State of Oregon.

6.

Angela Lauer Chong, at all material times hereto, was UO's Vice President for student life, and resident of the State of Oregon.



**ALBIES & STARK**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. #1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

## JURISDICTION & VENUE

7.

This Court has jurisdiction over plaintiff's claims for monetary and other relief under 28 U.S.C. § 1331, federal question jurisdiction.

8.

Venue is appropriate in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because the underlying acts, omissions, injuries and related facts and circumstances giving rise to the present action primarily occurred in this judicial district. As the events giving rise to plaintiff's claims occurred primarily within Lane County, the Eugene Division of the United States District Court for the District of Oregon is the appropriate divisional venue pursuant to LR 3-2(a).

## FACTUAL ALLEGATIONS

9.

Dr. Francisco-Kaho'onei has established a reputation in Oregon advocating for women's rights and humanitarian causes, maintaining a presence in both professional and community-based advocacy spaces.

10.

In Fall of 2024, Dr. Francisco-Kaho'onei was the Director of Portland State University's Women's Resource Center, and had been serving in that role for two years.

11.

On August 13, 2024, Dr. Francisco-Kaho'onei applied for a position with UO as a Program Director of the UO Women's Center at the Office of Dean of Students, a job for which they were well qualified.



**ALBIES & STARK**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. #1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

12.

On November 13, 2024, after a competitive search process, UO officially offered Dr. Francisco-Kaho'onei the position of Program Director of the UO Women's Center at the Office of Dean of Students, with salary, benefits, and relocation expenses. The offer was contingent on a background check, and Dr. Francisco-Kaho'onei happily accepted and filled out the necessary forms for a background check.

13.

On November 15, 2024, Risk Mitigation Services, the company UO contracts with for its background checks, sent Dr. Francisco-Kaho'onei a copy of the consumer report it provided to the University, which flagged an April 2024 misdemeanor arrest for disorderly conduct.

14.

Dr. Francisco-Kaho'onei provided an explanation that the misdemeanor charge was related to their exercise of constitutionally protected free speech and protest, and that they were currently contesting the charge with legal representation from the Civil Liberties Defense Center.

15.

On November 18, 2024, the Office of the Dean of Students announced Dr. Francisco-Kaho'onei's hire to all its staff, including their start date of Monday, December 16th. In response to this announcement, Dr. Francisco-Kaho'onei received many warm welcome emails from UO staff members and was greatly looking forward to starting this new role.

/ / /

/ / /



**ALBIES & STARK**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. #1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

16.

On December 4, 2024, UO called Dr. Francisco-Kaho'onei and told them the job offer was being rescinded because the charges that turned up on the background check had not been adjudicated, and UO did not want to wait for that to happen.

17.

Dr. Francisco-Kaho'onei explained that the low-level charges were related to protest actions, and had, in fact, been adjudicated on November 27, 2024. The UO contact who called Dr. Francisco-Kaho'onei said they would talk to the person who made the decision and get back to them.

18.

On December 9, 2024, Dr. Francisco-Kaho'onei sent UO a letter requesting UO reconsider, along with the court judgment and the sentencing statement they read in court, directly tying their actions to protesting genocide in Gaza, which read, in part:

> I understand that my involvement in an act of civil disobedience protest related to the ongoing genocide in Gaza and the resulting arrest for a misdemeanor charge and pending adjudication were factors in retracting the offer. However, the case is no longer pending and was adjudicated on November 27, 2024, and I've attached documentation from the court. Importantly, civil disobedience has long been an important strategy in the name of social change, and my participation in such actions is grounded in my commitment to justice and human life. I respectfully request reconsideration of my candidacy, as I believe the arrest and resulting adjudication will not inhibit me from excelling in this leadership role.
>
> I currently serve as the Director of the Women's Resource Center at Portland State University where I have continued to fulfill my duties—including developing feminist leadership programming, supervising staff, and managing the annual budget—before and after the arrest. This experience demonstrates that my ability to effectively serve the university community has not been impacted by the incident in question.
>
> The protest I participated in was an expression of my longstanding commitment to social justice. It was motivated by my belief that standing in solidarity with



**ALBIES & STARK**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. #1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

colonized peoples is a moral imperative for all who seek to challenge systemic oppression. While the protest resulted in my arrest, the action was rooted in a fundamental call for justice.

Two University of Oregon scholars—one an expert in human rights law, the other the U.N. Special Rapporteur on the Right to Food—testified at the trials of my co-defendants regarding the importance of protest actions in promoting justice and accountability. Their testimonies underscore the critical role civil disobedience protests play in challenging systems of oppression.

Additionally, I have attached a statement that I read at my sentencing hearing on November 27th. In it, I explain the historical role of protest as a necessary tool to challenge power when our political systems and authority fail to uphold human rights. The values I express in my statement—commitment to justice, standing in solidarity with marginalized people, and advocating for systemic change—are the same values I will bring to my leadership of the Women's Center.

As noted on the University of Oregon's website, employment decisions are based on whether a criminal record is "substantially job-related." Given that the Program Director is an advocate and educator on women's and gender issues on campus, leadership in programming and events, and Center operations, I do not believe that my criminal history is relevant to my ability to perform these duties.

19.

On December 13, 2024, UO's job portal showed that Dr. Francisco-Kaho'onei's job application was still pending.

20.

On December 19, 2024, UO emailed Dr. Francisco-Kaho'onei and notified them UO was rescinding the job offer because the "background check returned a very recent conviction is relevant to the Program Director position, and following our process the decision was made to withdraw the contingent offer of employment." The communication did not explain or elaborate as to how the misdemeanor conviction related to protesting an ongoing genocide was relevant to the Program Director position.

/ / /

/ / /



**ALBIES & STARK**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. #1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

21.

A day later, on December 20, 2024, UO formally withdrew its employment offer to Dr. Francisco-Kaho'onei.

22.

UO’s Human Resource department FAQs related to background checks state that academic freedom and the expression of free speech are “critically important to the life of the academy.” UO further represents that findings from a background check arising from the expression of academic freedom or First Amendment rights will be reviewed according to the importance of those values within the academic community, and criminal convictions will not automatically disqualify an otherwise qualified individual from being hired.

23.

Upon information and belief, UO rescinded Dr. Francisco-Kaho’onei’s job offer because they engaged in activity protected by the First Amendment. Moreover, UO treated Dr. Francisco-Kaho'onei differently than others, based on protected class and/or conduct.

24.

Dr. Francisco-Kaho’onei appealed the revocation of the job offer, and on February 28, 2024, met with UO Vice President and Chief Human Resources Officer Mark Schmelz on the appeal.

25.

On March 21, 2024, Defendant Schmelz informed Dr. Francisco-Kaho’onei that he, in consultation with the Vice President of Student Life Defendant Angela Lauer Chong, upheld UO’s decision to deny Dr. Francisco-Kaho'onei employment.



**ALBIES & STARK**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. #1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

26.

Defendants' withdrawal of the job offer to Dr. Francisco-Kaho'onei resulted in economic and noneconomic harm.

**FIRST CLAIM FOR RELIEF**
**(42 U.S.C. § 1983 – First Amendment – Speech and Petition Clause)**
**(Against all Defendants)**

27.

Plaintiff incorporates the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

28.

The government cannot condition public employment on infringement of an employee's constitutionally protected interest in freedom of expression. Likewise, the government cannot engage in viewpoint discrimination, an egregious form of content discrimination. The government cannot regulate speech when the specific motivating ideology, opinion, or perspective of the speaker is the rationale for the restriction.

29.

Defendant UO is liable for the deprivation of Plaintiff's First Amendment rights because the deprivation was pursuant to a UO custom, policy or practice of prohibiting speech it finds offensive. Further, UO is liable because the deprivation of Plaintiff's rights was done pursuant to UO's hiring practices, which is unconstitutional, or at least unconstitutional as applied to Plaintiff. Plaintiff is entitled declaratory and injunctive relief declaring UO's hiring practices are unconstitutional and enjoining its enforcement.

/ / /

/ / /



**ALBIES & STARK**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. #1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

30.

At all material times, Defendants had final policy making authority for UO and engaged in the acts alleged herein while acting as a final policymaker for UO. Thus, UO is liable for the deprivation of Plaintiff's First Amendment Rights because the unlawful decisions were made or approved by persons in policymaking positions for Defendant UO.

31.

Defendant UO is liable for the deprivation of Plaintiff's First Amendment rights because, on information and belief, persons in policymaking positions higher than Defendants ratified the unlawful conduct alleged herein knowing the basis of the unlawful conduct.

32.

By the acts and omissions described herein, Defendant discriminated against Plaintiff based on exercising their First Amendment rights in violation of their rights enshrined in the First Amendment to the United States Constitution and enforced through 42 U.S.C. § 1983.

33.

Plaintiff had a clearly established right to engage in speech on a matter of public concern, including the right to oppose violations of international law, and the right to engage in assembly and protest.

34.

Plaintiff's protected speech was made in their capacity as a citizen and was speech on a matter of public concern.

35.

Defendants deprived Plaintiff of their First Amendment rights by denying or rescinding their offer of employment.



**ALBIES & STARK**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. #1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

36.

Plaintiff's First Amendment activity was a substantial factor in Defendants' unlawful treatment alleged herein.

37.

As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered and will continue to suffer economic losses including, but not limited to, lost wages, lost fringe benefits, lost PERS benefits and pre-judgment interest in an amount to be determined at trial, lost income from future employment, impaired earning capacity, and damage to their career advancement.

38.

As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered and will continue to suffer noneconomic damages in the form of emotional distress and other compensatory damages in an amount to be determined at trial.

39.

Plaintiff also is entitled to recover their reasonable attorneys' fees, expert fees, costs, and disbursements pursuant to ORS § 20.107 and 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff requests a trial by jury and prays for judgment from Defendant as follows:

(a) On Plaintiff's claim for relief, an award of economic damages including lost wages, lost fringe benefits, lost PERS benefits and pre-judgment interest in an amount to be determined at trial; Plaintiff also seek an award of damages for impaired earning capacity and damage to their career advancement;

(b) On Plaintiff's Claim for relief, an award of damages for mental and emotional distress, and other compensatory damages in an amount to be determined at trial;



**ALBIES & STARK**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. #1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292

(c) On Plaintiff's Claim for relief, an award of attorney fees, costs, and disbursements, including pursuant 42 U.S.C. § 1988;

(d) On all Claims for relief, a Declaration that Defendants violated Plaintiff's constitutional under the First Amendment;

(e) Pre and post judgment interest in accordance with law; and

(f) Any other relief this Court may determine to be fair and just.

DATED: November 19, 2026

Respectfully submitted by:

*s/ J. Ashlee Albies*

J. Ashlee Albies, OSB No. 051846
ashlee@albiesstark.com
Maya Rinta, OSB No. 195058
maya@albiesstark.com

*Attorneys for Plaintiff*



**ALBIES & STARK**
**ATTORNEYS AT LAW**
1500 SW FIRST AVE. #1000, PORTLAND, OR 97201
TEL 503.308.4770 | FAX 503.427.9292